IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE E. MCFARLAND, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. H-05-3916 |
| | § | |
| LORIE DAVIS, | § | ***CAPITAL CASE*** |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**RESPONDENT DAVIS'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT**

Petitioner George E. McFarland is a death-sentenced Texas inmate who sought federal habeas relief but was unsuccessful. *See generally* ECF 21, 22. Presently before the Court is McFarland's motion to alter or amend this Court's denial of relief. ECF 24. The Director opposes and respectfully requests denial of the motion to alter or amend.

**PROCEDURAL AND FACTUAL BACKGROUND**

McFarland was indicted, convicted, and sentenced to death in the 262nd Judicial District Court of Harris County, Texas, for the November 15, 1991 capital murder of Kenneth Kwan during the course of committing or attempting to commit the offense of aggravated robbery. ECF 7-28 at 6–10. The Texas Court of Criminal Appeals (TCCA) affirmed McFarland's conviction and sentence on direct appeal in an *en banc* published opinion. *McFarland v. State*,

928 S.W.2d 482 (Tex. Crim. App. 1996). McFarland's petition for writ of certiorari was then denied by the United States Supreme Court on February 18, 1997. *McFarland v. Texas*, 519 U.S. 1119 (1997).

On May 21, 1997, McFarland filed his initial state application for writ of habeas corpus in the trial court alleging twenty-three separate grounds for relief, and then subsequently filed an amended petition on August 19, 1997, alleging an additional seven grounds for relief. *See* ECF 7-10–7-15; 7-19–7-21; 7-61–7-64. After an evidentiary hearing on August 15, 2003, the trial court entered findings of fact and conclusions of law (FFCL) on June 8, 2004 recommending that relief be denied on all of McFarland's claims. ECF 7-25 at 13–41; ECF 7-26 at 2–19. In an order dated November 17, 2004, the TCCA set for submission McFarland's allegations of ineffective assistance of trial counsel (IATC) and ordered the parties to submit additional briefing those issues. ECF 7-8 at 8, 12–13. With regard to the remaining allegations in McFarland's petition, the court adopted the trial court's findings and conclusions and denied relief. *Id.*

McFarland submitted his brief to the TCCA on December 20, 2004, to which the State responded on January 21, 2005. ECF 7 at 5; ECF 7-7 at 2. On May 18, 2005, after receiving briefing from both parties, the TCCA issued its published opinion denying habeas relief on McFarland's IATC claims as well. *Ex Parte McFarland*, 163 S.W.3d 743 (Tex. Crim. App. 2005).

Pursuant to 28 U.S.C. §§ 2241 and 2254, in six claims, McFarland challenged the validity of his conviction and sentence in this Court. *See generally* ECF 1. Specifically, McFarland raised in his petition the following claims for federal habeas relief:

1. He was deprived of his Sixth Amendment right to counsel in violation of *U.S. v. Cronic* due to counsel sleeping during the trial. 466 U.S. 648 (1984);

2. His counsel's performance fell below an objective standard of reasonableness and prejudiced his defense in violation of *Strickland v. Washington.* 466 U.S. 668 (1984);

3. The State failed to disclose exculpatory evidence in violation of *Brady v. Maryland.* 373 U.S. 83 (1963);

4. The line-up in which Carolyn Bartie identified McFarland violated his Sixth Amendment right to counsel;

5. His constitutional rights were violated by the jury instructions submitted during the punishment phase of trial; and

6. His Eighth and Fourteenth Amendment rights were violated by the admission of evidence of unadjudicated extraneous offenses during the punishment phase of trial.

On April 2, 2019, this Court entered an order denying McFarland's petition. ECF 21. McFarland has now filed his motion to alter or amend judgment under Federal Rules of Civil Procedure 59(e). ECF 24. The Director files this response in opposition to said motion.

## ARGUMENT

I. **The General Standard Governing Post-Judgment Alteration and Amendment.**

Alteration or amendment of final judgment is potentially appropriate only under a limited set of circumstances: (1) where the movant relies on an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was not previously available; or (3) where the movant clearly establishes a manifest error of law or fact. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). As such, a motion to alter or amend "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Id.* Indeed, these standards "favor the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc., v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

"Motions [under Rule 59] for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Such "motions cannot be used to raise arguments which could, and

4

should, have been made before judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Id.*

A Rule 59(e) motion "'calls into question the correctness of the judgment.'" *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). However, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479. Thus, it is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon*, 891 F.2d at 1159). "[A] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video Broad. Sys., Inc.*, No. 89-1412-C, 1989 WL 159369, at *1 (D. Kan. Dec. 15, 1989) (citing *United States v. Carolina E. Chem. Co., Inc.*, 639 F. Supp. 1420, 1423 (D. S.C. 1986)). Indeed, the Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Boudreaux*, 2 F.3d 606, 611 (5th Cir. 1993).

II. **McFarland's Request for the Court to Alter Its Judgment Should Be Rejected.**

McFarland's Rule 59(e) motion "focuses on claims affected by Burks's

5

testimony." [1] ECF 24 at 1 n.1. In doing so, McFarland takes issue with this Court's interpretation of what qualifies as a determination on the merits in state court under 28 U.S.C. § 2254(d). Specifically, McFarland challenges this Court's consideration of the two affidavits executed by Burks in 2003; and therefore, its deference to the state court's decision in this case. McFarland argues that because he was not allowed to be heard on the affidavits submitted by the State with its proposed FFCL, the ultimate decision by the TCCA should not be considered a merits adjudication because the fact-finding procedure was inadequate. ECF 24 at 12–14.

In order to be successful on a Rule 59(e) motion, McFarland must show an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice. *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir. 1986). However, McFarland's argument is based on the same facts and law existing at the time McFarland filed his petition and reply. Therefore, there has been no intervening change of controlling law, or newly available evidence, relating to such an argument. Thus, McFarland relies on an alleged need to correct a clear

---

[1] However, it remains unclear exactly which claims McFarland believes are affected by Burks's testimony. McFarland appears to believe that the entire trial, and the vast majority of all litigation that has arisen therefrom, is centered on Burks's testimony. Yet, this Court only mentioned the 2003 affidavits in analyzing the *Brady* claim. Therefore, the Director assumes that the *Brady* claim is the only one at issue presently.

error, or, to prevent manifest injustice. However, altering or amending this Court's judgment is the very action that would create an injustice.

According to McFarland, the Court's opinion "found that 28 U.S.C. § 2254(d) precluded relitigation, thereby blocking this Court from consideration of the underlying merits." ECF 24 at 10. This argument demonstrates a fundamental misunderstanding of both AEDPA, and this Court's application thereof. Further, McFarland states that the Court's opinion found that the "State Courts reasonably relied on the 2003 Affidavits in adjudicating the various claims in the State Habeas Application." *Id.* However, nowhere in the opinion does the Court reach the conclusion that the state court relied on the affidavits in question.[2]

McFarland states that because he was not given time to specifically respond to the 2003 affidavits before the state court issued its FFCL, it was improper for the State court to consider them. Thus, the state court could not hear and evaluate the evidence in such a manner that allowed it to properly adjudicate the claims on their merits. As such, according to McFarland, the state court's decision was not a true judgment on the merits, and this Court should conduct a *de novo* review. This argument is based upon several legal

---

[2] Indeed, this would be a difficult conclusion to reach as there is evidence in the record that the state court did not use the content of the affidavits in reaching its decision. *See* ECF 7-25 at 33–34.

7

and factual fallacies.

The most glaring reason to deny McFarland's motion is found within his original petition. McFarland acknowledges that the affidavits he claims he was improperly denied the right to be heard on were effectively struck by the state court before entry of its findings.

McFarland states in his original petition as follows:

> The trial court deleted two paragraphs from the State's proposed findings and conclusions relating to testimony allegedly provided by Craige Burks in 2003 in the form of two affidavits. The affidavits, which were not previously disclosed to McFarland or the trial court, were submitted along with the State's proposed findings of fact and conclusions of law. Based on the fact that, among other things, the affidavits were improperly obtained and not credible, McFarland filed a motion on October 29, 2003 asking the trial court to strike the affidavits and the related proposed findings of fact. The State did not file a response. Although the docket does not appear to contain a formal order, the court's determination to strike those findings suggests that the motion was granted.

ECF 1 at 38 n.9 (citations omitted).

There is no evidence that the state court relied on the 2003 affidavits in reaching its decision.[3] Therefore, their existence can cast no doubt upon the obvious reading that the Texas State court's decision was on the merits, and

---

[3] The state trial court struck the language relating to the 2003 affidavits from the FFCL. ECF 7-25 at 33–34. The TCCA does not reference the 2003 affidavits anywhere in its November 17, 2004 order, and adopted the trial court's findings on all but the IATC claims. ECF 7-8 at 12–13. Further, the TCCA does not reference the 2003 affidavits or adopt the trial court's FFCL in denying the IATC claims on May 18, 2005. *See generally McFarland*, 163 F.3d 743.

8

owed deference by this Court under AEDPA.

Not only did the state court seemingly strike the affidavits, this Court's order does not indicate that it based its decision on the specific content of the 2003 affidavits.[4] On the contrary, it was the changing nature of Burks's story that the Court commented on in its opinion. When the affidavits were mentioned, it was done in a manner that their existence was favorable to McFarland: potential evidence of the State's influence on Burks's testimony. ECF 21 at 16–17.[5]

Next, courts have consistently held that errors in state habeas proceedings do not provide grounds for relief in a federal habeas action. "[I]t is axiomatic that infirmities in state habeas proceedings do not constitute ground for federal habeas relief." *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004).

However, the Fifth Circuit has held that where there is "a significant substantive liberty interest," that liberty interest "entitles the petitioner to a

---

[4] Inexplicably, McFarland argues that this Court's opinion "relied substantially on the 2003 Affidavits." ECF 24 at 11. This assertion is belied by a full reading of the opinion, as the 2003 affidavits are referenced only once by this Court in the twenty-page opinion denying McFarland's petition. *See* ECF 21 at 16.

[5] McFarland quotes one sentence of the Court's opinion on the subject, but leaves out the following, which is necessary to understanding the context of the statement. "Since then, Craige Burks has sworn affidavits both recanting and reaffirming his trial testimony. McFarland conjectures that Craige Burks's volatility means that the State coerced his trial testimony. There is no evidence of this. This claim lacks merit." ECF 21 at 16–17.

9

set of core procedural due process protections: the opportunity to develop and be heard on his claim that he is ineligible for the death penalty." *Blue v. Thaler,* 665 F.3d 647, 656–57 (5th Cir. 2011); *Tercero v. Stephens*, 738 F.3d 141, 148 (5th Cir. 2013).

Nonetheless, there is no requirement that a petitioner be given a hearing at all before a state court can adjudicate a claim in a habeas application on the merits. *Tercero,* 738 F.3d at 148.

> Importantly, petitioners are not guaranteed evidentiary hearings because "[d]ue process does not require a full trial on the merits"; instead, petitioners are guaranteed only the "opportunity to be heard." In other words, the state court's decision is only deprived "of the deference normally due" where the state court has failed "to provide [petitioner] with the opportunity to develop his claims.

*Id.*

Here, the state court afforded McFarland all the process he was due. As McFarland attached over 30 pages of exhibits with his original habeas petition, and over 70 pages of exhibits with his supplemental petition, there is no reason to believe that the court limited the amount of documentary evidence McFarland could submit. *See* ECF 7-14 at 3–39; ECF 7-61 at 2–41; ECF 7-62 at 2–34; ECF 63 at 2. In addition, the state court afforded McFarland a live evidentiary hearing, rather than limiting the development of the record to documents submitted to the court. *See* ECF 1 at 38. As a "paper hearing" itself is perfectly acceptable, McFarland has no cause to complain that in addition to

receiving a live hearing, the State included additional documentary evidence with its proposed findings. The lack of an oral hearing in state court thus does not defeat the presumption of deference. *See Valdez v. Cockrell*, 274 F.3d 941, 950–51 (5th Cir. 2001), *cert. denied*, 537 U.S. 883 (2002) (holding that "a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review").

Further, he was not prevented from submitting additional affidavits to the habeas court himself. McFarland had already received more process than he was specifically entitled to. The state court had no obligation to provide him with any further opportunity to be heard. However, the TCCA did just that. After the trial court's FFCL were submitted to the TCCA, both McFarland and the State were asked to submit additional briefing on McFarland's IATC claims. McFarland took full advantage of this opportunity, filing close to 70 additional pages of briefing. ECF 7 at 5– 40; ECF 7-1 at 2–36.

Next, all the factual and legal complaints McFarland makes about the content, and manner of creation, of the affidavits were before the state court when the findings were issued. The state court was aware of when the State submitted the affidavits, when the affidavits were procured, and that Burks went to the district attorney's office with law enforcement to execute the affidavits. While all the circumstances surrounding the affidavits may be

considered "suspect" by some, they do not change the fact that Burks's testimony had changed multiple times. ECF 24 at 8. A hearing on the subject could never alter that simple fact.[6]

Finally, this new argument asks this Court to go far beyond any established federal law and create an entirely new way for petitioners to attempt to skirt the deference owed to state court decisions. Consequently, McFarland's claim amounts to a request for a new rule and is barred by the rules against retroactivity. *See Teague v. Lane*, 489 U.S. 288, 311 (1989).

## CONCLUSION

For the above reasons, the Director respectfully requests that this Court deny McFarland's motion to alter or amend judgment.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

---

[6] To the extent that McFarland's motion to alter or amend is intended as a motion for discovery or hearing, McFarland cannot meet the standard required before he is able to conduct discovery in this case. Any additional evidence would be barred under *Cullen v. Pinholster*, as McFarland's claims were decided on the merits in State court. 563 U.S. 170 (2011). Even if this Court were to agree with McFarland's assertion and re-open the case, McFarland would still be unable to conduct additional discovery, as any failure to develop the record was due to McFarland's lack of diligence. The Director reserves the right to brief the issue further should it become necessary.

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

s/ Rachel L. Patton
RACHEL L. PATTON*
*Lead Counsel    Assistant Attorney General
State Bar No. 24039030
Southern ID No. 3120286

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that on May 21, 2019, I electronically filed the forgoing pleading with the Clerk of the Court for the United States District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following counsel of record, who consented in writing to accept the Notice as service of this document by electronic means:

Jared Tyler
Tyler Law Firm, PLLC
P.O. Box 230804
Houston, Texas 77223
(832)606-2302
jptyler@tylerlawfirm.org

<br>

                                            s/ Rachel L. Patton
                                            RACHEL L. PATTON
                                            Assistant Attorney General